UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO MARIANO MICHA ANGONO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN JEREMY CASEY,<br><br>Respondent. | Case No.:  3:26-cv-2313-CAB-DEB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO ENFORCE HABEAS ORDER, [Doc. No. 10]; and**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 9].** |

Pending before the Court is Benito Mariano Micha Angono's motion to enforce the Court's order for a bond hearing, [Doc. No. 10], and motion to appoint counsel, [Doc. No. 9].  In response to his Petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner received a bond hearing on May 21, 2026; the immigration judge ("IJ") denied bond based on a risk of flight.  [Doc. Nos. 1, 8, and 10-2 at 3.]  Petitioner argues that the IJ incorrectly applied the burden of proof at his bond hearing.  [Doc. No. 10 at 1.]  Petitioner has appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  [*Id.*]

The Court **DENIES** the motion to enforce because Petitioner has not exhausted his administrative remedies with respect to the IJ's adverse bond determination.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (pursuing habeas relief before exhausting

administrative remedies at BIA is an improper shortcut).  Only once Petitioner has exhausted his administrative remedies by appealing to *and* receiving a decision from the BIA regarding the IJ's adverse bond determination may he seek relief from that bond determination via a habeas petition to this Court.  *Id.*  The Court therefore also **DENIES** the motion to appoint counsel.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: June 22, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-2313-CAB-DEB